UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 24-cv-02099-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the County Sherriff's Department and jail officials Captain Beltran, Lieutenant Jensen, Sergeant Morrison, and Hughes in "classification." (ECF No. 1 at 1.) Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed for failure to state a claim that is capable of judicial determination. Plaintiff is granted leave to amend certain claims.

## BACKGROUND

Plaintiff alleges jail policies provide for solitary confinement "if you fight or threaten another inmate," "if you attack or make threats to a deputy," or "if a[n] inmate stabs a[n] inmate or deputy within" the jail facility. (*Id.* at 4.) Plaintiff alleges on March 18, 2024, "an incident occurred not within the facility," and he was moved to solitary confinement that day. (*Id.* at 5.) He alleges he was placed in solitary confinement "for no reason" because he did not violate jail policy insofar as the "incident" did not occur inside the jail. (*Id*.) Plaintiff alleges in solitary confinement, his hand and feet are shackled during showers and "free time," the lights are on 24

hours per day, and he was not able to take a shower or shave "since" April 19, 2024.[1] (*Id.* at 5-6.) Plaintiff alleges other inmates who were placed in solitary confinement because they assaulted inmates or deputies within the facility "do not receive the same treatment as me." (*Id.* at 6.) He alleges Defendant Hughes told him Defendants Beltran and Jensen made the decision to put him in solitary confinement. (*Id.*)

Plaintiff claims race and religious discrimination, violation of jail policy, "person abuse, pain and suffering, being treated without dignity and respect, corporal punishment, harassment, violation of my due process rights, cruel and unusual punishment, excessive lighting, violating my human/civil rights." (*Id.* at 3.)

Plaintiff seeks damages and to be returned to general population. (*Id.* at 7.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

---

[1] The complaint is dated April 25, 2024. (ECF No. 1 at 1.)

550 U.S. 544, 550 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

There are several legal deficiencies with Plaintiff's complaint.

A.   Defendants Morrison and Hughes

First, Plaintiff has not alleged actions or omissions by Defendants Morrison and Hughes that caused the alleged violations of his rights.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff's claims stem from his placement in solitary confinement.  He names Sergeant Morrison as a Defendant, but he makes no allegations whatsoever about Morrison, let alone any allegation showing Morrison was involved in placing Plaintiff in solitary confinement.  As to Defendant Hughes, Plaintiff only alleges Hughes told him Beltran and Jensen decided to move Plaintiff to solitary confinement.  There are no allegations of conduct by Hughes that caused Plaintiff to be placed there.  Consequently, Plaintiff has failed to state a claim capable of judicial determination against Hughes or Morrison for violating his rights.

As there are no allegations suggesting Hughes or Morrison were involved in the alleged violation of Plaintiff's rights, Plaintiff is not granted leave to amend his claims against them.

3

B.  Defendant Contra Costa Sherriff's Department

Second, Plaintiff names the Contra Costa County Sherriff's Department as a defendant, but it is not clear whether it is an independent municipal entity, as opposed to just a department within the municipal government of Contra Costa County. Regardless, the allegations indicate this municipal entity is not liable under Section 1983 for the asserted violations of Plaintiff's rights stemming from his placement in solitary confinement. To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Here, Plaintiff alleges his placement in solitary confinement violated his constitutional rights, but he does not allege he was placed there pursuant to any Sherriff's Department policy. To the contrary, he alleges officials placed him in solitary confinement *in violation of* jail policies. Accordingly, the complaint does not state a claim against Contra Costa County Sherriff's Department under Section 1983 that is capable of judicial determination for the violation of his constitutional rights stemming from his placement in solitary confinement.

Leave to amend this claim is not granted because the allegations in the complaint indicate the Contra Costa County Sherriff's Department is not liable for allegedly placing Plaintiff in solitary confinement against the jail's policy. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (holding leave to amend should not be granted if amendment of the pleading would be futile).

C.  Placement in Solitary Confinement

As to the remaining Defendants (Beltran and Jensen), Plaintiff claims his placement in solitary confinement violated jail policy. The violation of jail policy in and of itself is not actionable under Section 1983, which applies to the violation of a right secured by the Constitution or laws of the United States. *West*, 487 U.S. at 48. Jail policy is not federal law.

Plaintiff claims his placement in solitary confinement violated his right to due process

4

1   (ECF No. 1 at 3), but Plaintiff has failed to allege facts that, if true, would establish his placement
2   in solitary confinement violated his due process rights.  For a pretrial detainee, "restraints that are
3   reasonably related to the institution's interest in maintaining jail security do not, without more,
4   constitute unconstitutional punishment." *Bell v. Wolfish*, 441 U.S. 520, 540 (1979).  Jail officials'
5   imposition of segregation as a disciplinary sanction for a violation of jail rules, however, does
6   require the procedural protections of due process set forth in *Wolff v. McDonnell*, 418 U.S. 539,
7   564-70 (1974) (listing procedural protections).  *Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir.
8   1996).  For a convicted inmate, segregation implicates a liberty interest protected by the right to
9   due process only if the regulation under which segregation is imposed "narrowly restrict" the
10  officials' power to impose it and the segregation amounted to a deprivation of "real substance."
11  *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995); *see, e.g., May v. Baldwin*, 109 F.3d 557, 565
12  (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after
13  *Sandin*); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (holding no liberty interest when
14  inmate placed in disciplinary segregation for 14 days).  The "real substance" determination
15  requires a factual comparison between conditions in the plaintiff's former status and his new
16  status, examining the hardship caused by the challenged action in relation to the basic conditions
17  of life as a prisoner.  *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

18  Plaintiff does not allege if he was a pretrial detainee or a convicted inmate at the time he
19  was in solitary confinement.[2]  Also, he does not allege clearly the reason for his segregation,
20  saying both it was "for no reason" and  that it was for the policy-violating reason of the "incident"
21  that occurred outside of the jail.  (ECF No. 1 at 5.)  It is also not clear from the complaint whether
22  he has segregated as a disciplinary sanction or as an administrative measure to ensure the safety of
23  other inmates or staff at the jail.  Plaintiff does not allege how long he was placed in solitary

---

[2] The allegations in his other complaint and the criminal court docket indicate he was convicted on March 22, 2024.  *See Randle v. Fregi, et al.*, No. C 24-2098 JSC (PR) (N.D. Cal.) (ECF No. 1 at 6); *State of California v. Randle*, No. 04002000347 (Contra Costa County Sup. Ct.) (docket entry of March 22, 2024) (*see* https://odyportal.cc-courts.org/Portal/Home/WorkspaceMode?p=0).  This would mean he was in solitary confinement as a pretrial detainee from March 18-24, 2024, and as a convicted inmate from March 24, 2024, onwards.  The Court may take judicial notice of these court records, but if Plaintiff chooses to amend his complaint, he should allege the date of his conviction and (if he has one) sentence.

United States District Court
Northern District of California

confinement, including whether he was placed there indefinitely.  And Plaintiff does not allege how the conditions of his segregation differed from the conditions in general population for purposes of *Sandin*'s "real substance" analysis, nor does he allege how long he was in segregation.  Such factual allegations are necessary, under *Bell*, *Mitchell*, *Sandin*, and *Jackson* to state a plausible claim that his placement in solitary confinement violated his right to due process.

Plaintiff may amend his complaint to cure these deficiencies in his claim.

D.  Racial and Religious Discrimination

Plaintiff alleges Defendants discriminated against him on the basis of his race and religion.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.  *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  A plaintiff must allege the state actor acted at least in part because of plaintiff's membership in a protected class.  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).  The plaintiff "must show that a class that is similarly situated has been treated disparately."  *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017).  Treatment that is harmful but not disparate is not an equal protection violation.  *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (upholding dismissal of equal protection claim that alleged harmful but not disparate treatment).

Plaintiff has not alleged facts supporting a plausible equal protection claim.  Plaintiff has not alleged he was treated differently from similarly situated inmates.  He alleges he was treated differently from other inmates in solitary confinement, but he also alleges those inmates, unlike him, had attacked other inmates or jail staff in the jail facility, in violation of jail policy.  Thus, the other inmates were not similarly situated to Plaintiff.  Consequently, the complaint does not state a claim capable of judicial determination that Defendants' placing Plaintiff in solitary confinement

6

violated his equal protection rights by discriminating against him based upon his race or religion. Plaintiff may amend his complaint to cure the deficiency in this claim.

## CONCLUSION

For the foregoing reasons,

1. The complaint, when liberally construed, is DISMISSED for failure to state a claim that is capable of judicial determination. Plaintiff is granted leave to amend his due process and equal protection claims against Defendants Beltran and Jensen. Plaintiff's other claims are dismissed without leave to amend.

2. Plaintiff may file an amended complaint on or before **June 28, 2024**. The amended complaint must include the caption and civil case number used in this order (No. C 24-2099 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the allegations he wishes to present. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u> [3]

//

//

---

[3] Approximately two weeks after the complaint was filed, the Court received from Plaintiff an unlabeled 9-page document making additional allegations with a number of exhibits attached. (ECF No. 7.) It is unclear what this document is intended to be because it is not labeled. Under Rule 7 of the Federal Rules of Civil Procedure, the only pleading Plaintiff may file is a complaint, and other requests for a court order must be filed as a motion. Fed. R. Civ. P. 7(a),(b). To the extent Plaintiff means for this to be part of his complaint, he may not file supplements to or piecemeal complaints, nor may he file an amended complaint without leave of Court, which he did not have. All of Plaintiff's allegations and claims should be included in a single amended complaint, ordered here, with any relevant exhibits attached.

1  3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: May 28, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge